[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-12460
Non-Argument Calendar

_____

D.C. Docket No. 0:16-cr-60349-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JONATHAN PHANOR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 11, 2018)

Before TJOFLAT, JULIE CARNES, and HULL, Circuit Judges.

PER CURIAM:

A jury convicted Jonathan Phanor of one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1344,[1] and three counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1).  Phanor appeals his aggravated identity theft convictions but not his conviction for conspiracy to commit bank fraud.  His argument is that the District Court erred in denying his request for a jury instruction on the lesser-included offense of identity theft, 18 U.S.C. § 1028(a)(7).  We affirm the decision of the District Court to deny the lesser-included-offense instruction because any error that might have occurred was harmless given the relief Phanor seeks.

The United States Code criminalizes the unauthorized transfer or use of identification information in two similarly worded statutes that provide for varying levels of punishment.  The first, identity theft, provides that a person who "knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person with the intent to commit, or to aid or abet, or in

---

[1] In pertinent part, 18 U.S.C. § 1344 provides:

Whoever knowingly executes, or attempts to execute, a scheme or artifice—

(1) to defraud a financial institution; or

(2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises;

shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

2

connection with, any unlawful activity that constitutes a violation of Federal law, or that constitutes a felony under any applicable State or local law . . . shall be punished as provided in subsection (b)." 18 U.S.C. § 1028(a)(7).

The second, aggravated identity theft, states that "[w]hoever, during *and in relation to any felony violation enumerated in subsection (c)*, knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years." 18 U.S.C. § 1028A(a)(1) (emphasis added). In subsection (c), § 1028A lists a number of federal felonies, including "any provision contained in chapter 63 (relating to mail, bank, and wire fraud)."

Phanor and the Government spend the majority of their appellate briefs arguing about whether identity theft is a lesser-included offense of aggravated identity theft. We need not reach that question, however. For present purposes, we assume without deciding that § 1028(a)(7) is a lesser-included offense of § 1028A(a)(1).

While unclear as written, Phanor's brief on appeal can be construed as making two arguments for why the District Court should have given the jury an instruction on identity theft, a supposedly lesser-included offense. First, he could be arguing that he did not know that the person to whom he unlawfully transferred identification information would use that information for bank fraud, and thus that

3

the jury could have convicted him of identity theft rather than aggravated identity theft. Second, Phanor might be contending that he lacked the *mens rea* to be convicted of bank fraud under § 1344—the predicate offense that supported his conviction under § 1028A(a)(1)—and therefore that a rational jury could have convicted him of identity theft instead of aggravated identity theft.

Phanor's first argument is inapposite. On their plain language, neither § 1028A(a)(1) nor § 1028(a)(7) require as an element that the defendant knew that the identification information he transferred would be used for an offense. The illicit transfer of information must only have occurred "in relation to," § 1028(a)(1), or "in connection with," § 1028(a)(7), a qualifying state or federal crime. Therefore, this argument does not support a lesser-included-offense instruction.

Phanor's second argument might have had merit but for his conviction for conspiracy to commit bank fraud. Phanor appeals only his convictions of aggravated identity theft, arguing that the District Court erred in refusing to instruct the jury as to the supposedly lesser offense of identity theft. Because of the District Court's refusal to instruct the jury on identity theft, he asks us to vacate his convictions of aggravated identity theft and to remand for a new trial.[2]

---

[2] In his brief on appeal, Phanor requests the following relief: "This Court must vacate Mr. Phanor's convictions on the aggravated identity theft counts (Counts 5–7), and remand to the

4

But Phanor challenges his aggravated identity theft convictions solely on the ground that he did not transfer identification information "in relation to" a bank fraud, a crime enumerated in § 1028A(c). He does not challenge his conviction for conspiracy to commit bank fraud. Thus, even if we granted the relief Phanor requests, a rational jury would convict him of the aggravated identity theft charges once more because he meets all the elements of that offense. He admitted at trial and in investigations before the trial that he knowingly transferred identification information of another person without legal authority. The sole element of § 1028A(a)(1) that Phanor disputes—whether he transferred such information "in relation to" a bank fraud—is established through his conviction for conspiracy to commit bank fraud. If we remanded the case, the Government would move the District Court to take judicial notice of Phanor's conviction of conspiracy to commit bank fraud—a conviction that arose from the same facts and indictment as the charges of aggravated identity theft. The District Court would do so. The jury would not face any disputed issues of fact and would thus have no choice but to convict him of aggravated identity theft. Phanor would receive the same outcome. Therefore, even if the District Court erred in refusing to instruct the jury on non-aggravated identity theft, that error was harmless. *See United States v. Guzman*,

_____

district court for re-trial with instruction to give the jury the non-aggravated identity theft jury instruction."

5

167 F.3d 1350, 1353 (11th Cir. 1999) ("In cases of nonconstitutional error in criminal cases, we apply the federal harmless-error statute, which provides that on appeal we must ignore 'errors or defects which do not affect the substantial rights of the parties.'" (quoting 28 U.S.C. § 2111)).

**AFFIRMED.**